UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.       ED CV 08-01256-SGL(JTLx)                                           Date:  December 18, 2008

Title:         HARDWOODS SPECIALTY PRODUCTS US, LP -v- WALKER WOOD PRODUCTS, INC., ET AL.
=======================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                                            None Present
            Courtroom Deputy Clerk                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:           ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                None present

PROCEEDINGS:   ORDER REGARDING PLAINTIFF'S <u>EX PARTE</u> APPLICATION FOR DEFAULT JUDGMENT AGAINST WALKER WOOD PRODUCTS, INC. AND WALKER CABINET INDUSTRIES, LLC.

        Presently before the Court is plaintiff's <u>ex parte</u> application for entry of default judgment against some, but not all, the served defendants in this case.  Specifically, plaintiff seeks for the Court to enter judgment for roughly $1.9 million in damages and attorney's fees against defendants Walker Wood Products, Inc. and Walker Cabinet Industries, LLC.  Neither named defendant that is the subject of the <u>ex parte</u> application (or for that matter any of the other defendants in the case) has filed an opposition to the application.  Nonetheless, the request for entry of default judgment against some, but not all, served defendants in a multi-defendant case such as the present one raises the question as to whether the motion is premature under <u>Frow v. De La Vega</u>, 82 U.S. 552 (1872).

        <u>Frow</u> stands for the proposition that, "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." <u>In re First T.D. & Inv., Inc.</u>, 253 F.3d 520, 532 (9th Cir. 2001).  The rule in <u>Frow</u> has been extended by the Ninth Circuit to circumstances where the defaulting and remaining defendants have closely related defenses or

ED CV 08-01256-SGL(JTLx)
HARDWOODS SPECIALTY PRODUCTS US, LP v WALKER WOOD PRODUCTS, INC., ET AL.
MINUTE ORDER of December 18, 2008

are otherwise similarly situated.  Id.

 In its ex parte application, plaintiff represents that, "because the liability of Walker Wood and Walker Cabinet is independent from the liability of other parties to this action," entry of default judgment is appropriate.  (Ex Parte App. at 2).  However, nowhere in its voluminous application has the Court found any explanation as to why and how the defendants' liability that is the subject of the application is, in fact, independent of nor similarly situated to the remaining defendants in the case.

 Given that this is a fundamental obstacle to the entry of default judgment in this case, the Court hereby affords plaintiff an opportunity to file by Tuesday, December 23, 2008, a supplemental pleading in support of its ex parte application, not to exceed seven (7) pages, explaining why and how entry of default judgment against Wood Industries and Wood Cabinet would not transgress the rule set forth in Frow and expanded in First T.D.

 IT IS SO ORDERED.